NO. 07-02-0463-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 15, 2004



______________________________




STEPHEN BERNARD WRIGHT, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 84596; HON. CHARLES D. CARVER, PRESIDING



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pursuant to a plea agreement calling for a sentence of not more than five years
confinement in the Institutional Division of the Texas Department of Criminal Justice,
appellant Stephen Bernard Wright entered a plea of guilty to felony theft allegations, and
entered a plea of true to prior conviction allegations. Pursuant to the agreement, his
punishment was assessed on August 19, 2002, at five years confinement in the
Institutional Division of the Texas Department of Criminal Justice. On August 22, 2002,
appellant filed a request for permission to appeal, which was denied. On September 18,
2002, appellant gave a general notice of appeal from his conviction.

 Appellant's appellate counsel has now filed an Anders brief with this court in which
he states he has thoroughly examined the trial record and determined the appeal is without
merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); High v. State, 573 S.W.2d 807, 809-11 (Tex. Crim. App. 1978). In his brief,
counsel concludes that our appellate jurisdiction has not properly been invoked. However,
he goes on and discusses other possible issues and concludes that none of those issues
demonstrate reversible error. Counsel has also filed a motion to withdraw and attached
a copy of his letter to appellant forwarding a copy of his brief and enclosing his copy of the
reporter's record. In the letter, he also advises appellant of his right to file a pro se brief
and that he has filed a motion to extend the time for filing a pro se brief should appellant
desire to do so. Neither appellant nor the State has filed a brief.

 Before allowing counsel to withdraw, we must first satisfy ourselves that the attorney
has provided the client with a diligent and thorough search of the record for any arguable
claim that might support the client's appeal, and then we must determine whether counsel
has correctly concluded the appeal is frivolous. See McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 442, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). We have also
made an independent examination of the record to determine whether there are any
arguable grounds that might support the appeal. See Penson v. Ohio, 488 U.S. 75, 83,
109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991). We have found no such grounds and agree with counsel that the appeal is
without merit and is frivolous. Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974).

 Accordingly, the motion to withdraw is granted and the judgment of the trial court is
affirmed. 


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



attack. Because the trial court defied the mandatory prohibition against jury
separation under article 35.23 of the Code of Criminal Procedure, appellant maintains it
was the State's burden to rebut his threshold showing of harm when he objected to
proceeding with eleven jurors. Tex. Code Crim. Proc. Ann. art. 35.23 (Vernon Supp.
2003). The State failed to produce such evidence at the time of separation, therefore,
claims appellant, the error has not been proven harmless, and this Court should reverse
his conviction. 

 Initially, we note appellant did not raise on original submission of this case the
complaint he now asserts under article 35.23. Nevertheless, we have reviewed the
authority he advances in support of that contention and agree with the State's response
that jury separation is not an issue in the harm analysis before us. (2) The purpose behind
the prohibition against jury separation during deliberations is to prevent jury tampering. 
Hood v. State 828 S.W.2d 87, 93 (Tex.App.-Fort Worth 1992, no pet.). In this case, after
Juror Hisel left the courthouse, the presiding juror, in response to questioning by the trial
court, announced that Juror Hisel participated in the verdict before becoming ill, and that
the guilty verdict was Juror Hisel's individual verdict. As a result, there can be no
complaint the jury was tampered with in any way. Furthermore, the fact the jury reached
a unanimous guilty verdict prior to Juror Hisel's disability supports our conclusion the trial
court's error in accepting the verdict from only eleven jurors did not have a substantial and
injurious effect or influence in determining that verdict. We, therefore, hold the trial court's
error did not affect the substantial rights of appellant. Tex. R. App. P. 44.2(b). Appellant's
issue is overruled.

 Accordingly, the judgment is affirmed.

 Don H. Reavis

 Justice


Publish. 

1. Under the facts of the Johnson case, the Court concluded appellant demonstrated
harmful error in the trial court's denial of a proper challenge for cause.
2. On original submission to this Court, the State merely contended in its brief "the
trial court correctly exercised its discretion to complete the trial with eleven jurors." Only
on remand does the State offer a harm analysis.